UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
SHERMA RICHARDS, et al.

                                Plaintiffs,                   **ANSWER**

             -against-                                    1:23-cv-10220-JHR

CITY OF NEW YORK,

                                Defendant.
------------------------------------------------------------------------X

        Defendant the CITY OF NEW YORK by its attorneys the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, for its Answer to the Complaint, dated January 31, 2024, respectfully allege as follows:

        1.     Deny the allegations set forth in paragraph "1," of the Complaint, except admit that Plaintiffs identified are current and former employees of Defendant, and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their contents.

        2.     Deny the allegations set forth in paragraph "2," of the Complaint, except admit that Plaintiffs purport to proceed as alleged therein, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents.

        3.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3," of the Complaint that Plaintiffs identified in the caption of the Complaint have given their written consent to be party Plaintiffs in this action, except admit that consents to be party Plaintiffs were filed with the Court, and respectfully refer the Court to the statute cited therein and to the Appendix to the Complaint for a complete and accurate statement of their contents.

4. Deny the allegations set forth in paragraph "4," of the Complaint, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents.

5. Deny the allegations set forth in paragraph "5," of the Complaint, except admit that the City of New York may be served at the Office of the Corporation Counsel, 100 Church Street, 4th Floor Service of Process Window, New York, New York 10007.

6. Deny the allegations set forth in paragraph "6," of the Complaint, except admit that Plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

7. Deny the allegations set forth in paragraph "7," of the Complaint, except admit that venue in this Court is proper.

8. Admit the allegations set forth in paragraph "8," of the Complaint, and respectfully refer the Court to the job specifications of a Sanitation Worker for a complete and accurate description of the job duties of a Sanitation Worker.

9. Deny the allegations set forth in paragraph "9," of the Complaint, except admit that Plaintiff Richards is currently employed as a Sanitation Worker and assigned to the Brooklyn North 8 Garage and that Plaintiff Wynne was formerly employed as a Sanitation Worker, until his appointment to Supervisor on September 11, 2022.

10. Deny the allegations set forth in paragraph "10," of the Complaint, and respectfully refer the Court to Plaintiffs' payroll and timekeeping data for a complete and accurate statement of the time worked by Plaintiffs that was reported to Defendant and of the compensation received by Plaintiffs.

11. Deny the allegations set forth in paragraph "11," of the Complaint, and respectfully refer the Court to Plaintiffs' payroll and timekeeping data for a complete and

accurate statement of the time worked by Plaintiffs that was reported to Defendant and of the compensation received by Plaintiffs.

12. Deny the allegations set forth in paragraph "12," of the Complaint, except admit that compensation including longevity pay, service pay, and differential payments are governed by Plaintiffs' applicable collective bargaining agreement, and respectfully refer the Court to Plaintiffs' collective bargaining agreement for a complete and accurate statement of its contents.

13. Deny the allegations set forth in paragraph "13," of the Complaint, and respectfully refer the Court to Plaintiffs' payroll and timekeeping data for a complete and accurate statement of the compensation received by Plaintiffs.

14. Deny the allegations set forth in paragraph "14," of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding work allegedly performed by Plaintiffs but not reported to Defendant, and respectfully refer the Court to Plaintiffs' payroll and timekeeping data for a complete and accurate statement of the time worked by Plaintiffs that was reported to Defendant and of the compensation received by Plaintiffs.

15. Deny the allegations set forth in paragraph "15," of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding work allegedly performed by Plaintiffs but not reported to Defendant and respectfully refer the Court to Plaintiffs' payroll and timekeeping data for a complete and accurate statement of the time worked by Plaintiffs that was reported to Defendant and of the compensation received by Plaintiffs.

16. Deny the allegations set forth in paragraph "16," of the Complaint, and respectfully refer the Court to the cases cited therein for a complete and accurate statement of their contents.

17. Deny the allegations set forth in paragraph "17," of the Complaint, and respectfully refer the Court to the cases cited therein for a complete and accurate statement of their contents.

18. Deny the allegations set forth in paragraph "18," of the Complaint, and respectfully refer the Court to the cases cited therein for a complete and accurate statement of their contents.

19. Deny the allegations set forth in paragraph "19," of the Complaint.

20. Deny the allegations set forth in paragraph "20," of the Complaint.

21. Deny the allegations set forth in paragraph "21," of the Complaint, and respectfully refer the Court to Plaintiffs' payroll and timekeeping data for a complete and accurate statement of the time worked by Plaintiffs that was reported to Defendant and of the compensation received by Plaintiffs.

22. Deny the allegations set forth in paragraph "22," of the Complaint, and respectfully refer the Court to the cases cited therein for a complete and accurate statement of their contents.

23. Deny the allegations set forth in paragraph "23," of the Complaint.

24. Deny the allegations set forth in paragraph "24," of the Complaint.

25. Deny the allegations set forth in paragraph "25," of the Complaint, and respectfully refer the Court to the case cited therein for a complete and accurate statement of its contents.

26. Deny the allegations set forth in paragraph "26," of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding work allegedly performed by Plaintiffs but not reported to Defendant, and respectfully refer the Court to Plaintiffs' payroll and timekeeping data for a complete and accurate statement of the time worked by Plaintiffs that was reported to Defendant and of the compensation received by Plaintiffs.

27. Deny the allegations set forth in paragraph "27," of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding work allegedly performed by Plaintiffs but not reported to Defendant, and respectfully refer the Court to Plaintiffs' payroll and timekeeping data for a complete and accurate statement of the time worked by Plaintiffs that was reported to Defendant and of the compensation received by Plaintiffs.

28. Deny the allegations set forth in paragraph "28," of the Complaint.

29. Deny the allegations set forth in paragraph "29," of the Complaint.

30. Deny the allegations set forth in paragraph "30," of the Complaint.

31. Deny the allegations set forth in paragraph "31," of the Complaint.

32. Deny the allegations set forth in paragraph "32," of the Complaint.

33. Deny the allegations set forth in paragraph "33," of the Complaint.

34. Deny the allegations set forth in paragraph "34," of the Complaint.

35. Deny the allegations set forth in paragraph "35," of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding work allegedly performed by Plaintiffs but not reported to Defendant, and respectfully refer the Court to Plaintiffs' payroll and timekeeping data for a complete and accurate statement

of the time worked by Plaintiffs that was reported to Defendant and of the compensation received by Plaintiffs.

36. Deny the allegations set forth in paragraph "36," of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding work allegedly performed by Plaintiffs but not reported to Defendant, and respectfully refer the Court to Plaintiffs' payroll and timekeeping data for a complete and accurate statement of the time worked by Plaintiffs that was reported to Defendant and of the compensation received by Plaintiffs.

37. Deny the allegations set forth in paragraph "37," of the Complaint, except admit that Sanitation Workers receive compensation in accordance with their collective bargaining agreement, and respectfully refer the Court to Plaintiffs' payroll and timekeeping data for a complete and accurate statement of the time worked by Plaintiffs that was reported to Defendant and of the compensation received by Plaintiffs as well as Plaintiffs' collective bargaining agreement for a complete and accurate statement of its contents.

38. Deny the allegations set forth in paragraph "38," of the Complaint.

39. Deny the allegations set forth in paragraph "39," of the Complaint.

40. Deny the allegations set forth in paragraph "40," of the Complaint.

41. Deny the allegations set forth in paragraph "41," of the Complaint, and respectfully refer the Court to Plaintiffs' payroll and timekeeping data for a complete and accurate statement of the time worked by Plaintiffs that was reported to Defendant and of the compensation received by Plaintiffs.

42. Deny the allegations set forth in paragraph "42," of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations

regarding work allegedly performed by Plaintiffs but not reported to Defendant, and respectfully refer the Court to Plaintiffs' payroll and timekeeping data for a complete and accurate statement of the time worked by Plaintiffs that was reported to Defendant and of the compensation received by Plaintiffs as well as Plaintiffs' collective bargaining agreement for a complete and accurate statement of its contents.

      43.     Deny the allegations set forth in paragraph "43," of the Complaint.

      44.     Deny the allegations set forth in paragraph "44," of the Complaint.

      45.     Deny the allegations set forth in paragraph "45," of the Complaint.

      46.     Deny the allegations set forth in paragraph "46," of the Complaint.

      47.     Deny the allegations set forth in paragraph "47," of the Complaint.

      48.     Deny the allegations set forth in paragraph "48," of the Complaint, except admit that Sanitation Workers are eligible to receive night shift differential, longevity pay, service differential, "two worker truck differential," and "route extension differential," and respectfully refer the Court to Plaintiffs' payroll and timekeeping data for a complete and accurate statement of the time worked by Plaintiffs that was reported to Defendant and of the compensation received by Plaintiffs as well as Plaintiffs' collective bargaining agreement for a complete and accurate statement of its contents.

      49.     Deny the allegations set forth in paragraph "49," of the Complaint.

      50.     Deny the allegations set forth in paragraph "50," of the Complaint.

      51.     Deny the allegations set forth in paragraph "51," of the Complaint, except aver that the New York City Department of Sanitation uses the CityTime timekeeping system.

      52.     Deny the allegations set forth in paragraph "52," of the Complaint, except admit that Plaintiffs purport to proceed as alleged therein.

53. In response to paragraph "53," of the Complaint, Defendant repeats and realleges its responses to Paragraphs "1," through "52," of this Answer as is fully set forth herein.

54. Deny the allegations set forth in paragraph "54," of the Complaint, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents.

55. Deny the allegations set forth in paragraph "55," of the Complaint, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents.

56. Deny the allegations set forth in paragraph "56," of the Complaint, and respectfully refer the Court to the statute cited therein as well as Plaintiffs' payroll and timekeeping data for a complete and accurate statement of their contents.

57. Deny the allegations set forth in paragraph "57," of the Complaint, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents.

58. Deny the allegations set forth in paragraph "58," of the Complaint.

59. In response to paragraph "59," of the Complaint, Defendant repeats and realleges its responses to Paragraphs "1," through "58," of this Answer as is fully set forth herein.

60. Deny the allegations set forth in paragraph "60," of the Complaint, and respectfully refer the Court to the statute and regulations cited therein for a complete and accurate statement of their contents.

61. Deny the allegations set forth in paragraph "61," of the Complaint, and respectfully refer the Court to the statute and regulations cited therein, as well as Plaintiffs' payroll and timekeeping data for a complete and accurate statement of their contents.

62. Deny the allegations set forth in paragraph "62," of the Complaint, and respectfully refer the Court to the statute and regulations cited therein for a complete and accurate statement of their contents.

63. Deny the allegations set forth in paragraph "63," of the Complaint.

## AS AND FOR A FIRST DEFENSE

64. Plaintiffs fail to state a claim upon which relief may be granted, either on their own behalf or on behalf of those persons whom they purport to represent.

## AS AND FOR A SECOND DEFENSE

65. The Complaint is barred, in whole or in part, by the applicable limitations periods.

## AS AND FOR A THIRD DEFENSE

66. Plaintiffs may be estopped from asserting some or all of the claims asserted in the complaint because Defendant's actions were based upon and in accordance with the governing collective bargaining agreements and the past practices established thereunder.

## AS AND FOR A FOURTH DEFENSE

67. Plaintiffs' claims are barred, in whole or in part, by their failure to exhaust contractual remedies.

## AS AND FOR A FIFTH DEFENSE

68. Plaintiffs' claims may be barred, in whole or in part, by the doctrines of laches, estoppel and waiver.

**AS AND FOR A SIXTH DEFENSE**

69. Plaintiffs, in whole or in part, and those similarly situated to Plaintiffs, and any opt-in Plaintiffs, are exempt from the provisions of the FLSA.

**AS AND FOR A SEVENTH DEFENSE**

70. At all times, and in all manners, Defendant acted in accordance with any and all duties and obligations that it may have had under the FLSA.

**AS AND FOR AN EIGHTH DEFENSE**

71. Defendant states, in the alternative if necessary, and subject to proof through discovery, that part or all of any time that Plaintiffs allege should be paid to themselves and/or allegedly similarly-situated employees, is properly preliminary or postliminary time under the Portal-to-Portal Pay Act, 29 U.S.C. § 254(a), and therefore not compensable.

**AS AND FOR A NINTH DEFENSE**

72. Defendant states that, in the alternative if necessary, to the extent that Plaintiffs performed preliminary or postliminary activities, the activities actually performed were not an integral and indispensable part of the Plaintiffs' principal activities of employment and are not compensable under the FLSA.

**AS AND FOR AN TENTH DEFENSE**

73. Defendant has, at all times, acted in good faith and had reasonable grounds for believing that its pay practices complied with the FLSA.

**AS AND FOR AN ELEVENTH DEFENSE**

74. Subject to proof through discovery, Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

**AS AND FOR A TWELFTH DEFENSE**

75. Plaintiffs are barred from recovery of some or all of the damages sought because they are not authorized by the FLSA.

**AS AND FOR A THIRTEENTH DEFENSE**

76. This case may not be maintained as a collective action because the named Plaintiffs are not similarly-situated to or otherwise adequate representatives for the persons whom they purport to represent.

**AS AND FOR A FOURTEENTH DEFENSE**

77. If at any time relevant to the Complaint, Plaintiffs were covered by the overtime provisions of the FLSA, Plaintiffs were properly paid overtime compensation in accordance with all applicable provisions of the FLSA.

**AS AND FOR A FIFTEENTH DEFENSE**

78. Defendant has no overtime liability under the FLSA because it is entitled to credits for contractual premium payments under the governing collective bargaining agreement.

**AS AND FOR AN SIXTEENTH DEFENSE**

79. Plaintiffs' claims are barred, in whole or in part, by the *de minimis* doctrine.

**AS AND FOR AN SEVENTEENTH DEFENSE**

80. Plaintiffs' claims are barred, in whole or part, by the FLSA, the Constitution of the United States and/or the Constitution of the State of New York.

**WHEREFORE,** Defendant respectfully requests that this Court enter an order dismissing the Complaint and denying all relief requested therein, together with such other and further relief as the Court deems to be just and proper.

Dated: New York, New York
January 31, 2024

Respectfully Submitted,

HON. SYLVIA O. HINDS-RADIX

Corporation Counsel of the City of New York
Attorney for Defendant
100 Church Street, Room 2-109(b)
New York, New York 10007
(212) 356-2286
bweisman@law.nyc.gov

By: _____/s/_____
Brandon Weisman
Assistant Corporation Counsel

cc: All Counsel of Record (via ECF)

4869-0926-6079, v. 1